J. W. KLINE, *alias* JIMMY CARROLL V. THE STATE.

No. 20891. Delivered March 27, 1940.
Rehearing Denied May 29, 1940.

The opinion states the case.

*Baskett & Parks*, of Dallas, for appellant.

404

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault to rape, and assessed a penalty of twenty-five years in the State penitentiary.

There are no bills of exception in the record, and appellant's complaint herein relates only to the sufficiency of the facts.

From the facts it is shown that the complaining witness, Frances Walker, at the time of the alleged occurrence was a young girl sixteen years past, and worked as a waitress in a drug store in Dallas from the hour of 2 o'clock p. m. until midnight. Twice before she had seen appellant, once when she waited on him in the drug store when he was alone, and once when his wife was with him, although she was not acquainted with him. She wore a badge with her name on it, and on one of these times when she had seen appellant he called her name and asked her for a date, and she refused him. When her duties were over at the drug store she was in the habit of taking a taxicab and thus going to her home where she lived with her mother. On the night in question, however, she was going to take a street car in order to go home, and while waiting for the street car she saw defendant come around the block, and he stopped there near her and asked her "Did she want to ride?" and she said "No, thank you." Appellant then drove around the block again and stopped near her a second time, and threw open the door of the car and pointed an automatic pistol at her, and told her to get in the car. She was afraid of him, and finally got in the car because of the pistol, although she did not desire to do so. Appellant started driving away with this girl, and finally attempted to kiss her, which she refused to do; he finally drove into a dark alley near a public street and attempted to choke her, and finally raised her skirt and waist and got on top of her; her girdle was finally pulled off her in the struggle and appellant was lying down on top of her. She screamed and fought him, and he struck her four times, causing her nose to bleed and her eye to become black from the congestion of blood therein. Appellant had in the meantime unbuckled his belt and started opening his pants. After appellant struck the witness he started his car and came out of the alley, and she continued fighting him, and the car continued down a public street until when nearing the home of a friend of hers the prosecutrix jerked open the car door and leaped out of the car while it was traveling at the rate of

approximately thirty-five miles per hour. As a result of thus leaving the car the young lady slid along the street for about thirty-six feet, suffering additional injuries therefrom. Her purse was later picked up by street cleaners at the point where she struck the street and eventually recovered by her. The young lady immediately went to the home of this girl friend, and the mother of such friend testified that prosecutrix's face at such time was muddy, her arm skinned and her eye black, and her nose bleeding, and her jacket all muddy and torn. The mother of Miss Walker testified that she saw her daughter about 1:15 in the early morning of the time in question; that she was injured, bruised and bleeding, and that her clothing were bloody, and that she had lost the girdle that she was wearing when she left to go to work.

The doctor who treated the young lady testified as to her bruises and her black eye, as well as to her physical condition. He also stated that she seemed to be reasonably quiet, a sensible girl, although very nervous. The appellant offered no testimony.

It seems to us that there is a sufficient amount of facts shown herein upon which the jury could say that the appellant made this assault upon this young lady for the purpose of having sexual intercourse with her, but it seems to us that the facts show that he was unable to do so on account of her intelligent and valiant resistance.

We think the facts herein are sufficient to uphold the jury's verdict. The judgment is affirmed.

BEAUCHAMP, Judge.

In his motion for rehearing, as well as the oral argument presented thereon, it is earnestly insisted that the evidence in this case is insufficient to show that appellant attempted to commit the fiendish crime for which he was convicted. It is urged that the only spoken words by the appellant to the prosecuting witness express a desire that he be permitted to kiss her.

We have carefully reviewed the evidence in the case and, while it is true that the prosecuting witness detailed but few words spoken by appellant, it is perfectly apparent from the circumstances and conduct which she does describe in minute detail what appellant was attempting to do and no reasonable mind would doubt it. It is also very clear that it was the physical resistance and vocal outcry of the prosecuting wit-

ness which deterred him in his purpose and prevented him from successfully carrying it out.

While additional testimony by prosecuting witness might be detailed from the statement of facts, the original opinion sets out sufficient to warrant the verdict which the jury returned.

The motion for rehearing is overruled.